AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　　　Case Number　　2:2013cr72-01

SANG-KYU SEO

　　　Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

　　　The defendant, SANG-KYU SEO, was represented by Wanda Akin, Esq.

　　　The defendant pled guilty to count(s) 1,2,3,4,5 of the information on 01/30/13. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
| --- | --- | --- | --- |
| 18:1028(f) | Conspiracy to unlawfully produce false identification documents | 2009 thru 09/15/10 | 1 |
| 18:1028A & 2 | Aggravated identity theft | 2009 thru 09/15/10 | 2 |
| 18:1343 | Conspiracy to commit wire fraud | 10/09 thru 12/09 | 3 |
| 18:1344 | Conspiracy to commit bank fraud | 2007 thru 09/07 | 4 |
| 26:7201 | Tax Evasion | 10/15/08 | 5 |

　　　As pronounced on 9/17/13, the defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　　It is ordered that the defendant shall pay to the United States a special assessment of $500.00, for count(s) 1,2,3,4,5, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

　　　It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

　　　Signed this the　17　day of September , 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_[signature]_

　　　　　　　　　　　　　　　　　　　　　　　　　　　　KATHARINE S. HAYDEN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

07657

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 1 year and 1 day on each of Counts 1,3,4 and 5, to be served concurrently and a term of 24 months on Count 2, to be served consecutively to the terms imposed on Counts 1,3,4 and 5 to the extent necessary to produce a total term of 36 months and 1 day.

The Court makes the following recommendations to the Bureau of Prisons: designation to FPC Otisville or a prison camp as close as possible to defendant's family in North Jersey.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons within 60 days from date of sentencing.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years supervised release. This term consists of 2 years on each Counts 1,3,4 and 5 and a term of 1 year on Count 2, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court. Based on information presented, the defendant is excused from the mandatory drug testing provision; however, the defendant may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

In addition, the defendant shall comply with the following special conditions:

### MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 4 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 5 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
Defendant                                   Date

_____
U.S. Probation Officer/Designated Witness    Date

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $1,288,789.20. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| American Express Global Security<br>Robert T. Curran Manager/Investigator<br>200 Vesey Street, New York, NY 10285-0201 | $3,500.00 |
| GE Money Bank<br>(GEMB,GE/BRDC, Banana Republic, Brooks Bros,<br>GAP, IKEA, JC Penny, Limited Express, WalMart)<br>Fraud Restitution<br>PO Box 8726, Dayton OH 45401<br>Attn: Brian Larsen | $25,100.00 |
| Nordstrom<br>13531 East Caley Ave.<br>Englewood, CO 80155<br>Attn: Brian Larsen | $13,500.00 |
| CitiBank N.A. (Banking Losses)<br>One Court Square-16th Floor<br>Long Island, NY 11120<br>Attn Geoffrey Obici | $75,980.00 |
| HSBC N.A. (HSBC, Saks, Neiman Marcus, Best Buy,<br>Circuit City, Sony, American Eagle, PC Richard)<br>26525 North Riverwoods Boulevard<br>Mettawa, Illinois 60045<br>Ref. Number C20110306785<br>Attn: Security and Fraud Risk Investigations | $48,700.00 |
| JP Morgan Chase & Co.<br>200 White Clay Center Drive, Floor 1<br>Newark, Delaware 19711-5466<br>Attn: Barbara Simcox, Senior Regional Investigator | $75,079.20 |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 7 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

| | |
|---|---|
| Bank of America Banking<br>Restitution Unit<br>MO 1-800-06-15<br>P.O. Box 790087<br>St. Louis, Missouri 63179 | $332,163.00 |
| TD Bank, Corporate Security & Investigations<br>9000 Atrium Way<br>Mt. Laurel, NJ 08054<br>Attn: Restitution Matters | $67,995.00 |
| Target National Bank, Attn: Brenda Fie<br>3701 Wayzata Blvd.<br>Minneapolis MN 55416<br>Mailstop #6C-Z | $600.00 |
| PNC Bank, K1-KHDQ-03-1<br>500 W. Jefferson<br>Louisville, KY 40202<br>Attn: Melissa Thompson-Deposit Recovery Unit | $6,640.00 |
| Wells Fargo<br>777 Bloomfield Ave.<br>Glen Ridge, NJ 07028<br>Ref case: Kang et al.<br>Attn Meryl Wein | $400,000.00 |
| Shinhan Bank<br>330 Fifth Ave.<br>New York, NY 10001 | $47,000.00 |
| Sovereign Bank<br>PO Box 12646<br>Reading, PA, 19612<br>Attn: Fraud Restitution | $100,000.00 |
| Toyota Motor Credit<br>Attn: Fraud Control Department Tino Gomes<br>19001 S. Western Ave. Mailstop WF22 | $13,000.00 |
| Discover<br>Attention: Melissa Messmer<br>PO Box 6106<br>Carol IL 60015 | $26,292.00 |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 8 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

| | |
|---|---|
| DSNB<br>Attn: Chad Reveal<br>Director Credit Granting<br>9111 Duke Blvd., Mason, Ohio 45040 | $43,240.00 |
| FIA Card Services<br>c/o Bank of America<br>Lynbrook, New York 11563 | $10,000.00 |

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

| | |
|---|---|
| Sang-Hyun Park | Cr. No.: 12-23 |
| Hyun-Jin Yang | Cr. No.: 11-813 |
| Dong-Il Kim | Mag. No.: 10-4147 |
| Sung-Sil Joh | Cr. No.: 11-722 |
| Joong-Hyun Jung | Cr. No.: 12-75 |
| Osung Kwon | Cr. No.: 12-224 |
| Young-Hee Ju | Cr. No.: 12-483 |
| Hyo-il Song | Cr. No.: 12-124 |

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates int eh IFRP, the restitution shall be paid from those funds at a rate of equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $250, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 9 of 9

Defendant: SANG-KYU SEO
Case Number: 2:2013cr72-01

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.